M'FARLAND *v.* WHEELER, 26 Wend. 467.

In S. Ct. 10 id. 318.

### *Lien; Waiver of.*

REPLEVIN for a quantity of boards sawed by the plaintiffs at their sawmill for one Vaughan. It was agreed that the plaintiffs below should have $2 25 for 100 pieces, and a lien on them till paid. It was further agreed that V. might pile the boards on the bank of the Champlain canal, about half a mile from the mill, the plaintiffs' lien, however, to remain the same as if piled in the mill-yard. The plaintiffs having sawed 14,000 pieces, Vaughan took away a boat load, with the assent of the plaintiffs, from the canal bank, and afterwards, two other boat loads, from the same place, without their knowledge or consent. An execution was levied by the sheriff of Washington county, defendant, upon the lum-

41

ber remaining on the bank of the canal, about 8,000 pieces, as the property of Vaughan, and being advertised for sale and the deputy sheriff refusing, after notice of the plaintiffs' claim for sawing the 14,000 pieces, which was proved to be unpaid, to regard their claim, this suit was brought and the property taken upon it. The Supreme Court, upon writ of error to the Court of Common Pleas of Washington county, where the suit was originally commenced, now affirmed the judgment of that court, in favor of the plaintiffs below, merely referring to their former decision in 10 Wend. 318, holding that the plaintiffs' *lien* remained notwithstanding the removal of the property to the bank of the canal: and extended to *all boards and lath*, as well those which had been removed with, as without the plaintiffs' assent. On writ of error to this court,

The Court of Errors held, that by the removal of the boards to the bank of the canal, the plaintiffs lost their lien in *respect to third persons ;* notwithstanding the express stipulation between the parties ; though it would seem that the court also held, that if they had been placed in the charge or under the control of a *third person*, with notice of the lien, it would have been considered the constructive possession of the plaintiffs, and would have sustained their lien for the whole amount of their claim for the work done.

The court *reversed* the judgment of the Supreme Court, by a vote of all the members present who heard the argument, except the Chancellor and Senator Paige, who voted for affirmance.